IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GENESYS SOFTWARE SYSTEMS, INC. §
§
      Plaintiff, §
§
v. §      Civil Action No. 3:12-CV-2682-N
§
COMERICA BANK, §
§
      Defendant. §

## ORDER

This Order addresses Defendant Comerica Bank's ("Comerica") motion to dismiss [7] and motion for recovery of costs and to stay proceedings [8]. The Court grants Comerica's motion to dismiss in part and denies it in part. The Court denies Comerica's motion to recover costs and stay proceedings.

### I. GENESYS AND COMERICA'S DEFINED BENEFIT PROGRAM DISPUTE

Plaintiff Genesys Software Systems, Inc. ("Genesys") executed a Program License Agreement with Manufacturers National Bank of Detroit, the predecessor-in-interest of Comerica. The license grants Manufacturers National, and thus now Comerica, perpetual license to use a specific software program, the "Defined Benefit System."

Genesys and Comerica amended the agreement multiple times, most recently in 2002. In 2011, Comerica asked Genesys whether it was contractually permitted to sublicense the program to third parties. As a result, Genesys alleges that it discovered that Comerica was using the program to provide services to third parties for a fee. Genesys filed suit for

ORDER – PAGE 1

copyright infringement, misappropriation of trade secrets, and breach of contract, alleging that Comerica's actions exceed the rights granted in the licensing agreement. Comerica moved to dismiss all of Genesys's claims, arguing that Genesys's copyright was not registered and that Genesys's state law claims were preempted by the copyright act. Genesys dismissed its own complaint without prejudice. After obtaining a certificate of registration for its copyright, Genesys refiled suit, alleging the same claims. Comerica now moves to dismiss Genesys's misappropriation of trade secrets and breach of contract claims, arguing that these state law claims are preempted by the Copyright Act. Comerica also moves to dismiss all of Genesys's claims, arguing that the licensing agreement, attached to Genesys's complaint, affirmatively shows that Genesys granted Comerica the right to use the Defined Benefits System.

## II. COPYRIGHT ACT PREEMPTION ANALYSIS

The Fifth Circuit employs a two-part analysis to determine whether a state law claim is preempted by the Copyright Act. First, a court examines the cause of action "to determine whether it falls 'within the subject matter of copyright.'" *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995). If so, a court then examines the cause of action "to determine if it protects right that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id.* A state-law created right is equivalent to the exclusive rights of federal copyright "'if the mere act of reproduction, distribution, or display infringes it.'" *Recursion Software Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 764 (N.D. Tex. 2006) (quoting *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.

1990)).  The parties agree that the software in issue falls within the subject matter of copyright.  Thus, the Court must determine whether Genesys's state law claims protect rights equivalent to those of the exclusive federal rights granted by the Copyright Act.

The Fifth Circuit "evaluate[s] the equivalency of rights under what is commonly referred to as the 'extra element' test."  *Alcatel USA, Inc. v. DGI Tech., Inc.*, 155 F.3d 772, 787 (5th Cir. 2002).  If "one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie 'within the general scope of copyright,' and preemption does not occur."  *Id.*  at 787.

### A.  Genesys's Breach of Contract Claim Is Preempted

Comerica argues that Genesys's contract claim is preempted because Genesys's breach of contract claim "involves only intellectual property rights."  Thus, the breach of contract claim protects rights that are equivalent to the rights granted by the Copyright Act and accordingly, the contract claim is preempted.  Citing *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488 (5th Cir. 1990), Genesys argues that the Copyright Act never preempts breach of contract claims.

In *Taquino*, the Fifth Circuit held that a breach of contract claim was not preempted when a specific use of the plaintiff's license was prohibited by a contract with the defendant.  *Taquino*, 893 F.2d at 1501.  The Court stated: "This action for breach of contract involves an element in addition to mere reproduction, distribution or display: the contract promise made by Taquino."  *Id.*  Some courts read *Taquino* as standing for the proposition that a

breach of contract is never preempted by the Copyright Act. *See, e.g.*, *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457 (6th Cir. 2001); *ProCD, Inc. v. Ziedenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996); *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 864 (E.D. La. 2003) ("This circuit has consistently recognized that a legitimate breach of contract allegation serves to defeat preemption."); *Butler v. Cont'l Airlines, Inc.*, No. Civ. A. 01-2194, 2001 WL 1509545, at *3 (S.D. Tex. Nov.19, 2001) ("[B]reach of contract and breach of fiduciary duty claims contain an extra element that defeat preemption under section 301."). Other courts are not so sure. *See Recursion Software*, 425 F. Supp. 2d at 766-68 (discussing criticism of *Taquino* holding). But this Court need not decide whether the Copyright Act *never* preempts a breach of contract claim, only whether the Copyright Act preempts this breach of contract claim. The Court holds that it does.

Genesys pleads: "Comerica Bank is only permitted to use the Defined Benefit Program in accordance with the Program License Agreement, as modified by the Amendment." Compl. ¶ 34. "The Program License Agreement, as amended by the Amendment, does not permit Comerica Bank to use the Defined Benefit Program as a service bureau offering for the benefit of third parties. Nor does the Program License Agreement, as amended by the Amendment, permit Comerica Bank to sublicense the Defined Benefit Program to third parties for their use as a service bureau offering." *Id.* ¶ 35. Genesys alleges that "Comerica has continued to use such Defined Benefit Program in a service bureau environment for the benefit of third parties." *Id.* ¶ 36.

Genesys does not sue on any specific promise made to it by Comerica. It does not argue that Comerica did not compensate it under the licensing agreement, or otherwise breach any specific obligations under the licensing agreement. Genesys instead argues that Comerica used Genesys's software in a way that exceeded the scope of permission given to Comerica by Genesys. This is a typical copyright infringement claim. *See I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) ("The licensee violates the copyright by exceeding the scope of this license."); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989 ("A licensee infringe's the owner's copyright if its use exceeds the scope of its license."); *Playboy Enter., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997 ) ("Using, or authorizing the use of, a copyrighted work . . .*without the permission of the copyright owner*, constitutes actionable copyright infringement" (emphasis added)); *see also* 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT [hereinafter "NIMMER ON COPYRIGHT"] §1.01[B][1][a][i] ("Pre-emption should be found absent *to the extent that* a breach of contract cause of action alleges more than simply reproduction (or adaptation, distribution, *etc.*) of a copyrighted work.") (emphasis added); *id.* ("Although contract causes of action may survive challenge for the reasons just stated, causes of action so denominated at times may essentially allege nothing other than derogation of rights under copyright. Those instances are to be deemed pre-empted.")

The Court recognizes that Comerica's license is relevant to Genesys's infringement claim because the scope of Comerica's license will determine whether Comerica infringes. But alleging that Comerica acted outside the scope of its license is not an allegation that

ORDER – PAGE 5

Comerica failed to fulfill a promise.  Rather, Genesys alleges only that Comerica used Genesys's copyrighted software without permission.  This allegation "essentially allege[s] nothing other than a derogation of rights under copyright."  NIMMER ON COPYRIGHT §1.01[B][1][a][i].  Thus, the claim is preempted.[1]  *Id.*

Because Genesys's breach of contract claim complains of only the"mere act of reproduction, distribution, or display" of Genesys's software outside the scope of Genesys's permission, Genesys's breach of contract claim is preempted.  Accordingly, the Court grants Comerica's motion as to Genesys's breach of contract claim.

### B. *Genesys's Misappropriation of Trade Secrets Claim Is Not Preempted*

Comerica argues that Genesys's misappropriation of trade secrets claim is also preempted.  The Court disagrees.

Genesys pleads: "The Defined Benefit Program contains valuable trade secrets of Genesys." Compl. ¶ 28.  "Comerica Bank gained possession of the Defined Benefit Program through a relationship of trust with Genesys."  *Id.* ¶ 29.  "Comerica Bank failed, and continues to fail, to use the Defined Benefit Program in accordance with the Program License Agreement, as amended by the Amendment, and Comerica Bank enabled aided and abetted

---

[1]The Court finds Genesys's cited cases distinguishable.  In *Recursion Software*, the contract specifically provided that the copyrighted material was not to be used in a certain manner.  425 F. Supp. 2d at 764.  The scenario in *Taquino* was the same.  893 F.2d at 1501. Here, Genesys does not point to any provision of the licensing agreement that prohibits Comerica's use.  Unlike the licensing agreements in *Recursion Software* and *Taquino*, Genesys's claim is that Comerica used Genesys's software without permission, not that Comerica promised not to use Genesys's software in a particular way but did so anyway. Thus, unlike the claims in *Recursion Software* and *Taquino*, Genesys's breach of contract claim does not point to any particular promise that Comerica failed to fulfill.

the misappropriation of the trade secrets contained therein by allowing third parties to use, or gain the benefits from the use of, the Defined Benefit Program in a service bureau environment." *Id.* ¶ 30.

To state a claim for misappropriation of trade secrets in Texas, a plaintiff must show that (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009) (quoting *Gaia Techs., Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 376 (5th Cir. 1999)). Most courts to address the issue hold that where, like here, the plaintiff alleges a confidential relationship, a misappropriation of trade secrets claim is not preempted. *See M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 786-87 (S.D. Tex. 2010) (citing cases); *see also* NIMMER ON COPYRIGHT §1.01[B][1][h] ("Actions for disclosure and exploitation of trade secrets require a status of secrecy, not required for copyright, and hence, are not preempted."). This Court agrees, and declines to dismiss Genesys's misappropriation of trade secrets claim.[2]

---

[2]Comerica argues that, although the court in *M-I LLC* did not dismiss the plaintiff's misappropriation claim, the result was compelled by "the existence of a confidentiality agreement." Def.'s Reply Supp. Mot. to Dismiss 6. The Court disagrees. In *M-I LLC*, there were three employee defendants. 733 F. Supp. 2d at 771. The Court declined to dismiss misappropriation claims against all three. Plaintiff alleged only that one of them had a confidentiality agreement. *Id.* at 786. For the other defendants, the Plaintiff alleged only that the defendants "had a confidential relationship with M-I which gave rise to certain fiduciary obligations." *Id.* Thus, it was the allegation of the confidential relationship, not the existence of a confidentiality agreement, that compelled the court's result.

### III.  THE COURT DENIES COMERICA'S MOTION FOR
### JUDGMENT ON THE PLEADINGS

#### A.  *Rule 12(c) Standard*

A motion for judgment on the pleadings under 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).  Under that standard, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### B.  The Amendments to the Licensing Agreement Do
### Not Show that Genesys Cannot Prevail on Its Claim

Comerica argues that Exhibit B, an amendment to the original licensing agreement between the parties, affirmatively demonstrates that Genesys licensed its software for service bureau use.  Specifically, in a 1996 amendment to the licensing agreement, the parties signed a contract providing that "GENESYS grants [Comerica] the right to use GenLink for Windows, Version 3.0, for both internal and service bureau use with the currently licensed Genesys Defined Benefits System."  Ex. B-9, Pl.'s Compl.  This provision, Comerica argues, affirmatively provides Comerica with the authority to use the Defined Benefits Program in the manner that is the basis of Genesys's claims.

In support of its argument, Comerica points to the 2002 amendment's definition of "System" and "Software."  Those terms are defined to include: "(i) the Gensys Core Defined Benefits System; (ii) the GenLink Front End System; (iii) WEBWorks Technology; (iv) the Real Time Plus Upgrade; (v) all other upgrades, enhancements, and new releases of the Systems identified in (i) through (v)."  Ex. B-1, Pl.'s Compl.  Comerica says, because GenLink is part of the definition of "System" in the 2002 amendments, it follows that GenLink *is* the Defined Benefit Program.

The Court disagrees.  Although Comerica might be right that this definition indicates that GenLink is part of the license, the definition also makes explicit that GenLink and the "Core Defined Benefits System" are separate things.  And Comerica also does not point to any contractual provision where the word "system," as defined by the 2002 amendment, is used in connection with the phrase "service bureau use."  Thus, although the GenLink system

is a component of of the term "System" in the licensing amendment, the term "service bureau use" is used with respect to only GenLink.  Thus, it is not apparent from the face of the pleadings that Genesys may not recover on any of its claims.  Accordingly, the Court denies Comerica's motion for judgment on the pleadings.

## IV.  THE COURT DENIES COMERICA'S MOTION FOR COSTS AND STAY OF PROCEEDINGS

Federal Rule of Civil Procedure 41(d) provides that, where a plaintiff previously dismissed an action in any court, and files an action based on or including the same claim against the same defendant, a court "may order the plaintiff to pay all or part of the costs of that previous action" and a court "may stay the proceedings until the plaintiff has complied." Because Genesys previously filed a substantially identical complaint, but voluntarily dismissed its claims to register its copyright, Comerica seeks costs from that previous complaint and a stay until the plaintiff complies.

"The award of costs under Rule 41(d) is at the court's discretion." *Walkaway Canada Inc. v. You Walk Away, LLC*, 3:10-CV-2657-L, 2011 WL 2455716, at *1 (N.D. Tex. June 20, 2011).  While a showing of bad faith is not required for the Court to impose costs, good faith may be a factor in the Court's decision not to impose costs.  *See ATEN Int'l Co., Ltd v. Emine Tech. Co.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009).  The Court finds that, in dismissing its original action, and refiling a new complaint in this action, Genesys acted in good faith.  The dismissal served judicial economy in resolving one of the issues in Comerica's initial motion to dismiss – that Genesys did not register its copyright – and Comerica's remaining

arguments have not changed since its initial motion to dismiss to Genesys's previous complaint. Accordingly, the Court denies Comerica's motion for costs and motion to stay.

CONCLUSION

For the reasons stated above, the Court grants Comerica's motion to dismiss in part, and denies it in part. Accordingly, the Court dismisses Genesys's breach of contract claim with prejudice. The Court denies Comerica's motion to recover costs and stay proceedings.

Signed April 9, 2013.

David C. Godbey
United States District Judge